1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YING HUANG and YANNING LIU,

               Plaintiffs,

       v.

ALBERTO GONZALES, *et al.*,

              Defendants.

CASE NO.  C07-0096RSM

ORDER DENYING MOTION TO
DISMISS

## I.  INTRODUCTION

On January 22, 2007, plaintiffs filed a Petition for Writ of Mandamus, alleging that defendants had clearly delayed the processing of their I-485 applications for adjustment of status, and asking the Court to compel defendants to immediately adjudicate such applications.  (Dkt. #1).  This matter comes before the Court on defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or for failure to state an actionable claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. #8).  Defendants argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii), and under the Administrative Procedures Act ("APA"), and that plaintiffs cannot meet the strict requirements for mandamus relief.

Plaintiffs have not responded to this motion to dismiss.  This District's local rules state that

ORDER
PAGE - 1

"[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rule CR 7(b)(2).  However, for the reasons set forth below, the Court will DENY defendants' motion to dismiss.

## II.  DISCUSSION

### A.  Background

Plaintiff Ying Huang is a Chinese citizen who is living and working in the United States under a nonimmigrant (temporary) visa.  She seeks to have her pending Form I-485 Application for Adjustment of Status adjudicated so that she may adjust her status to that of Lawful Permanent Resident as a principal worker.  Plaintiff Yanning Liu is Ms. Huang's husband.  He seeks to adjust his status to Lawful Permanent Resident as a "derivative" spouse, accompanying alien, once Ms. Huang's application is completed.

Plaintiffs filed their applications for Adjustment of Status with the United States Citizenship and Immigration Services ("CIS") Nebraska Service Center on September 7, 2005.  CIS requested that the Federal Bureau of Investigation ("FBI") conduct a name check for plaintiffs on September 13, 2005.  The FBI received that request on September 16, 2005.  Plaintiffs submitted fingerprints on November 23, 2005.  The FBI completed Mr. Liu's name check on February 23, 2007, and transmitted the results to CIS.  Ms. Huang's name check has not yet been completed.  Mr.Liu's application is dependent on Ms. Huang's application; therefore, it also has not yet been adjudicated.  Thus, both applications remain pending as of this date.

### B.  Standards for Motions to Dismiss

#### 1.  Rule 12(b)(1) Standard

A motion to dismiss under Rule 12 (b)(1) of the Federal Rule of Civil Procedure addresses the court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  They possess only that power authorized by United States Constitution and statute, which is not to be expanded by judicial

1  decree.  *Id.*  The burden of establishing the subject matter jurisdiction rests upon the party asserting

2  jurisdiction.  *Id.*  When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not

3  restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony,

4  to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850

5  F.2d 558, 560 (9th Cir. 1988).

6                                    *2.  Rule 12(b)(6) Standard*

7         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) seeks dismissal of a

8  complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

9  Under Rule 12(b)(6), the Court must dismiss a complaint if plaintiff can prove no set of facts in

10 support of his claim which would entitle him to relief.  *Van Buskirk v. Cable News Network, Inc.*,

11 284 F.3d 977, 980 (9th Cir. 2002); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  In

12 deciding a motion to dismiss, the Court accepts as true all material allegations in the complaint and

13 construes them in the light most favorable to the plaintiff.  *See Newman v. Sathyavaglswaran*, 287

14 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178,

15 1181 (9th Cir. 1998).  However, conclusory allegations of law and unwarranted inferences are

16 insufficient to defeat a motion to dismiss.  *Associated Gen. Contractors*, 159 F.3d at 1181.

17        In the instant case, defendants have presented matters outside the pleadings for the Court's

18 consideration.  Typically, if the Court was to consider such matters, the motion would be converted

19 to a Rule 56 motion for summary judgment.  However, defendants' motion to dismiss rests solely on

20 questions of law regarding this Court's jurisdiction.  Accordingly, the court need not address the

21 factual matters raised by defendants, as the question of whether the delay in adjudication of plaintiffs'

22 applications has been reasonable is best left for another day.  The Court considers this motion solely

23 as a facial attack on jurisdiction under Rule 12(b)(1) and (b)(6).

24

25 **C.  Section 1252(a)(2)(B)(ii)**

26

ORDER
PAGE - 3

1    Defendants primarily argue that this Court lacks jurisdiction over plaintiffs' claims because

2    the remedy plaintiffs seek – that CIS adjudicate plaintiffs' pending applications for adjustment of

3    status – is an action solely within the discretion of CIS.  In support of their position, defendants rely

4    on 8 U.S.C. § 1252(a)(2)(B)(ii), which provides:

5           Notwithstanding any other provisions of law . . . and regardless of whether the
            judgment, decision, or action is made in removal proceedings, no court shall have
6           jurisdiction to review . . . any other decision or action of the Attorney General or
            the Secretary of Homeland Security the authority for which is specified under this
7           title [8 USCS § § 1151 et seq.] to be in the discretion of the Attorney General or
            the Secretary of Homeland Security, other than the granting of relief under section
8           208(a) [8 USCS § 1158(a)].

9    Defendants argue that because the Immigration and Nationality Act ("INA") specifically grants the

10   Attorney General the discretionary authority to act with regard to the process by which aliens may

11   adjust status, and because the INA contains no legal standards that impinge on that discretion as to

12   when adjudications should take place, this Court is necessarily precluded from exercising jurisdiction.

13   This Court is not persuaded.

14    The Ninth Circuit Court of Appeals gives particular guidance on this issue.  In *Spencer*

15   *Enterprises, Inc. v. United States*, 345 F.3d 683 (9th Cir. 2003), the court explained that when

16   enacting 8 U.S.C. § 1252(a)(2)(B)(ii), Congress did not intend to withdraw jurisdiction over all

17   discretionary decisions.  Instead, the Court focused on the statutory words "the authority for which

18   is specified," and held that on a request to review an apparently discretionary decision, the court

19   must determine whether any statute specifies the particular authority at issue, and then whether that

20   authority is wholly discretionary.  *Spencer*, 345 F.3d at 689-90.  In *Spencer*, because the authority to

21   issue a visa under the immigrant investor program was not specified by any statute to be

22   discretionary, the court found the agency's decision to deny such visa to be reviewable.  *Spencer*,

23   345 F.3d at 691; *see also Alaka v. Attorney General of the United States*, 456 F.3d 88, 96 (3d Cir.

24   2006) (following *Spencer*, and interpreting 8 U.S.C. § 1252(a0(2)(B)(ii) the same way).  With that

25   guidance, the Court does not find adjudication of applications for adjustment of status to be

26

ORDER
PAGE - 4

1   completely outside its jurisdiction.

2   First, nothing in the INA addresses, much less specifies, any discretion associated with the

3   pace of adjudication.  "Although the speed of processing may be 'discretionary' in the sense that it is

4   determined by choice, and that it rests on various decisions that Defendants may be entitled to make,

5   it is not discretionary in the manner required by the jurisdiction-stripping language of the IIRIRA."

6   *Duan v. Zamberry*, 2007 U.S. Dist. LEXIS 12697, at *7 (W.D. Penn. Feb. 23, 2007).  *See also Song*

7   *v. Klapakas*, 2007 U.S. Dist. LEXIS 27203, at *12 (E.D. Penn. Apr.12, 2007) (finding that

8   defendants' failure to adjudicate an application for adjustment of status was not a discretionary

9   decision); *Loo v. Ridge*, 2007 U.S. Dist. 17822, at *9 (E.D.N.Y. March 14, 2007) (noting that

10  adjudicating an adjustment of status application is not at the discretion of defendants because

11  defendants are required to do so); *Yu v. Brown*, 36 F. Supp.2d 922, 931-32 (D.N.M. 1999) (holding

12  that the INS owes plaintiff a duty to process her application for a change of status to permanent

13  resident).  Interestingly, defendants have conceded as much in actions before other districts in the

14  Ninth Circuit.  *See Singh v. Still*, 470 F. Supp.2d 1064, 1068 (N.D. Cal. 2007) (noting that

15  defendants had conceded that they have a mandatory duty to act on adjustment applications).

16  Further, the Court is not persuaded by defendants' reliance on *Safadi v. Howard*.  In that

17  case, the United States District Court for the Eastern District of Virginia found that Congress had

18  vested the Secretary of Homeland Security with complete discretion over the process of adjudicating

19  I-485 applications, including the process of reviewing the applications and the pace at which that

20  process proceeds.  2006 U.S. Dist. LEXIS 92722, at *2-3 (E.D. Va. Dec. 20, 2006).  The *Safadi*

21  court framed the issue as whether the term "action," as used in 8 U.S.C. § 1252(a)(2)(B)(ii),

22  encompassed the pace at which CIS processes adjustment applications, and they held that it did.  *Id.*

23  at *6-7.  However, the court then expressly stated that its decision did not address the existence of

24  jurisdiction in the case of a refusal to process an application, or in the case where a delay was so

25  unreasonable as to constitute a refusal.  *Id.* at *13.  As the United States District Court for the

26

ORDER
PAGE - 5

1  Western District of Pennsylvania has pointed out, such a disclaimer "raises the question of how an

2  unreasonable delay might not qualify as 'action' . . . while a reasonable delay unambiguously does

3  constitute 'action'" which "renders toothless all timing restraints. . . ." *Duan*, 2007 U.S. Dist.

4  LEXIS 12697, at *9.  Accordingly, this Court also finds that section 1252(a)(2)(B)(ii) does not

5  divest the Court of jurisdiction over plaintiffs' claims.

6      **D.  Subject Matter Jurisdiction**

7      Although this Court has determined that IIRIRA does not bar it from determining plaintiffs'

8  claims, the Court must still determine whether there is subject matter jurisdiction to do so.  In their

9  petition, plaintiffs argue that this Court has jurisdiction over their claims pursuant to 28 U.S.C. §

10  1331 and section 706 of the APA, as well as pursuant to the Mandamus statute, 28 U.S.C. § 1361.

11  (Dkt. #1 at 3).  Numerous courts have debated the proper basis for jurisdiction over cases of this

12  nature.  *Singh*, 470 F. Supp.2d at 1066 n. 5.  Some have determined that the mandamus statute

13  provides a jurisdictional basis.  *Id.*  Others have determined that there is no jurisdiction under the

14  mandamus statute, but that section 1331 and the APA provide adequate jurisdictional bases.  *Id.*

15  Here the Court examines both bases, as defendants argue that nothing provides proper jurisdiction in

16  this Court.[1]

17      In order to obtain mandamus relief, plaintiffs must show that "(1) [their] claim is clear and

18  certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free

19  from doubt, and (3) no other adequate remedy is available."  *Patel v. Reno*, 134 F.3d 929, 931 (9th

20  Cir. 1997).  Defendant argues that plaintiff's right to adjudication is not "clear or certain" and

21  defendants' actions are discretionary rather than ministerial.  As noted above, this Court finds that

22  plaintiffs have a right to the adjudication of their adjustment applications and defendants' actions in

23  that respect are not wholly discretionary.  Many federal district courts agree that this non-

24

25      [1] Again, interestingly, defendants have conceded in other cases that mandamus relief is possible so

26  long as the requirements are met.  *Singh*, 470 F. Supp.2d at 1066 n. 5.

ORDER
PAGE - 6

1   discretionary duty to process or adjudicate an adjustment application supports a mandamus action.

2   *See, e.g., Song*, 2007 U.S. Dist. 27203, at *10-11; *Duan*, 2007 U.S. Dist. LEXIS 12697, at *11;

3   *Razaq v. Poulos*, 2007 U.S. Dist. LEXIS 770, at *4 (N.D. Cal. Jan. 8, 2007); *Haidari v. Frazier*,

4   2006 U.S. Dist. LEXIS 89177, at **10-11 (D. Minn. Dec. 8, 2006); *Valenzuela v. Kehl*, 2006 U.S.

5   Dist. LEXIS 61054, at **19-20 (N.D. Tex. Aug. 23, 2006); *Aboushaban v. Mueller*, 2006 U.S.

6   Dist. LEXIS 81076, at *4 (N.D. Cal. Oct. 24, 2006); *Elkhatib v. Bulter*, 2005 U.S. Dist. LEXIS

7   22858, at *4 (S. D. Fla. June 6, 2005); *Yu*, 36 F. Supp. 2d at 928; *Paunescu v. INS*, 76 F. Supp.2d

8   896, 901 (N.D. Ill. 1999).[2]  The Court finds the weight of this authority persuasive.

9          Further, the Court is persuaded that jurisdiction exists under 28 U.S.C. § 1331 and section

10   706 of the APA.  For relief pursuant to § 1331 and the APA, plaintiffs must demonstrate that

11   respondents unreasonably delayed the processing Ms. Huang's application.  *See* 5 U.S.C. § 555(b)

12   ("[W]ith due regard for the convenience and necessity of the parties or their representatives and

13   within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *see also*

14   *id.* § 706(1) (providing that courts shall "compel agency action unlawfully withheld or unreasonably

15   delayed").  The APA includes in its definition of agency action a failure to act.  *Id.* at § 551(13).

16   However, the APA does not entitle a party to judicial review if the action in question is discretionary.

17   *Id.* at § 701(a)(2).

18          In this case, defendants essentially argue that the discretionary nature of adjudication of the

19   applications at issue preclude jurisdiction under the APA, and that because no statutes or regulations

20   provide a meaningful standard against which to measure the adjudicatory process, judicial review is

21   unavailable.  For the reasons set forth above, the Court rejects defendants' argument that their

22   discretion precludes jurisdiction.  Likewise, as federal courts routinely assess the "reasonableness" of

23

24          [2] *But see Li v. Chertoff*, 2007 U.S. Dist. LEXIS 29776, at *10-13 (S.D. Cal. Apr. 2, 2007)
25   (suggesting that mandamus jurisdiction does not exist, but holding that it need not determine whether
     jurisdiction actually exists because petition fails on the merits).  The Court does not reach the merits of
26   the instant case; therefore, *Li* provides no guidance on this motion.

ORDER
PAGE - 7

the pace of agency action under the APA, this Court believes there is a meaningful standard against which to judge defendants' action, or lack thereof. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1998) (explaining that "when an agency is required to act -- either by organic statute or by the APA -- within [a]...reasonable time, § 706 leaves in the courts the discretion to decide whether agency delay is unreasonable."). Accordingly, this Court agrees that jurisdiction is proper under the APA and 28 U.S.C. § 1331 to compel the INS to adjudicate an application for adjustment to permanent status. *See Song*, 2007 U.S. Dist. 27203, at *14; *Duan*, 2007 U.S. Dist. 12697, at *13; *Zemin Hu v. Reno*, 2000 U.S. Dist. LEXIS 5030, at **9-10 (N.D. Tex. Apr. 18, 2000) (collecting cases also in agreement).

### III.  CONCLUSION

For the reasons discussed above, it does not appear to this Court that plaintiffs can prove no set of facts in support of their claims that would entitle them to the relief they seek. Accordingly, the Court, hereby ORDERS:

(1)  Defendants' Motion to Dismiss (Dkt. #8) is DENIED.

(2)  The Clerk shall forward a copy of this Order to plaintiffs and to all counsel of record.

DATED this _2_ day of May, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8