UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YING HUANG, and YANNING LIU,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL MUKASEY[1], *et al.*,<br><br>Defendants. | CASE NO. C07-96RSM<br><br>ORDER DEFERRING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT |

## **I. INTRODUCTION**

This matter comes before the Court on plaintiffs' Motion for Summary Judgment (Dkt. #16), and defendants' Cross-Motion for Summary Judgment (Dkt. #17). Plaintiffs, appearing *pro se*, seek an order from the Court that defendants complete the security clearance on their I-485 applications for Adjustment of Status ("I-485 application") with the United States Citizenship and Immigration Services ("USCIS"), and ultimately adjudicate their I-485 applications which plaintiffs allege have been pending with USCIS for over 27 months. Defendants argue in their cross-motion that compelling adjudication of plaintiffs' applications would not be justified because the Court lacks subject matter jurisdiction over this matter. Alternatively, defendants argue that the processing of plaintiffs' application has

---

[1] This Court shall substitute Alberto R. Gonzales with newly appointed Attorney General Michael Mukasey pursuant to Fed. R. Civ. P. 25(d).

MEMORANDUM ORDER
PAGE - 1

not been unreasonably delayed.

For the reasons set forth below, the Court DEFERS plaintiffs' Motion for Summary Judgment and DENIES defendants' Cross-Motion for Summary Judgment.

## II.  DISCUSSION

### A.  Background

Plaintiff Ying Huang ("Ms. Huang") submitted an employment-based I-485 application with the USCIS to obtain permanent residency status on September 7, 2005.  (Dkt. #16 at 2). That same day, plaintiff Yanning Liu ("Mr. Lui"), Ms. Huang's spouse, also filed an I-485 application with the USCIS as a derivative beneficiary of Ms. Huang.  (*Id.*).  On September 13, 2005, USCIS requested that the Federal Bureau of Investigation ("FBI") conduct and provide name check results for plaintiffs.  (Dkt. #17 at 4).  The FBI received the name check requests on or about September 16, 2005.  (*Id.*).  Defendants contend that Mr. Lui's name check was completed on February 23, 2007, with the results being transmitted to USCIS. (*Id.*).  However, USCIS has yet to adjudicate Ms. Huang's application because defendants contend that her name check remains pending at the FBI in accordance with their "first-in, first-out" policy.  (*Id.*).

As a result, plaintiffs initiated the underlying mandamus action in this Court against defendants on January 22, 2007.  (*See* Dkt. #1).  Specifically, plaintiffs filed a complaint for injunctive, mandamus, and declaratory relief seeking an order from the Court directing USCIS to complete the processing and adjudication of their I-485 applications.  Plaintiffs now bring the instant motion for summary judgment, reincorporating the arguments made in their complaint.  Defendants subsequently filed a cross-motion for summary judgment, seeking dismissal of plaintiffs' petition for writ of mandamus.

### B.  Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

MEMORANDUM ORDER
PAGE - 2

matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). *Mandamus actions* may be resolved through summary judgment. *See, e.g., Singh v. Still*, 470 F. Supp. 2d 1064, 1072 (N.D. Cal. 2006) (ruling in favor of plaintiff's motion for summary judgment to compel the government to adjudicate plaintiff's application with USCIS) (emphasis added).

### D. Plaintiffs' Mandamus Action

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361. In order to obtain relief under the Mandamus Act, a plaintiff must establish that: (1) his or her claim is "clear and certain"; (2) the duty owed is "ministerial and so plainly prescribed as to be free from doubt"; and (3) that no other adequate remedy is available. *See Patel v. Reno*, 134 F.3d

MEMORANDUM ORDER
PAGE - 3

1   929, 931 (9th Cir. 1997); *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).  While

2   defendants argue that federal courts lack jurisdiction to consider claims involving adjustment

3   of status applications, this District Court has established that jurisdiction is proper when a

4   plaintiff seeks to compel adjudication of an I-485 application.[2]  *See Sun v. Mueller*, 2007 WL

5   2751372 (W.D. Wash. Sept. 19, 2007); *Guoping Ma v. Gonzales*, 2007 WL 2743395 (W.D.

6   Wash. Sept. 17, 2007); *Chen v. Chertoff*, 2007 WL 2570243 (W.D. Wash. Aug. 30, 2007);

7   *Chen v. Heinauer*, 2007 WL 1468789 (W.D. Wash. May 18, 2007); *Huang v. Gonzales*, 2007

8   WL 1302555 (W.D. Wash. May 2, 2007).[3]  Therefore, defendants' argument with respect to

9   subject matter jurisdiction is unpersuasive.

10   Furthermore, sections 555(b) and 706(1) of the Administrative Procedures Act

11  ("APA") require a plaintiff to demonstrate that USCIS unreasonably delayed the processing of

12  his or her application.  *See* 5 U.S.C. § 555(b) (establishing that "[w]ith due regard for the

13  convenience and necessity of the parties or their representatives and within a reasonable time,

14  each agency shall proceed to conclude a matter presented to it."); *see also* 5 U.S.C. § 706(1)

15  (providing that courts shall "compel agency action unlawfully withheld or unreasonably

16  delayed"); *see also Yu v. Brown*, 36 F. Supp. 2d 922, 928 (D.N.M. 1999) (applying the same

17  standards to assess the merits of claims of unreasonable agency delay that seek either

18  mandamus or a mandatory injunction under the APA, or both).  Thus, the critical question

19  before the Court is whether there has been an unreasonable delay by USCIS in processing

20  plaintiffs' I-485 applications.

---

[2] Defendants acknowledge as much, indicating in a footnote that "three decisions in this District have recently been issued that largely reject the arguments advanced by Defendants in this motion." (Dkt. #17 at 2).

[3] The Court finds that the orders in *Chen v. Chertoff* (Dkt. #20) before the Honorable Thomas S. Zilly, and *Sun v. Mueller* (Dkt. #16) and *Guoping Ma v. Gonzales* (Dkt. #19) before the Honorable Robert S. Lasnik are particularly relevant to the instant case.  Both judges analyzed similar legal arguments raised by plaintiff and defendants in this case, and in the interest of judicial economy, this Court incorporates a substantial part of these well-reasoned opinions into this Order.  The undersigned Judge also incorporated those opinions in *Starodoubtsev v. Mukasey*, 2007 WL 4166151 (W.D. Wash. Nov. 19, 2007).

MEMORANDUM ORDER
PAGE - 4

Section 706 of the APA "leaves in the courts the discretion to decide whether agency delay is unreasonable". *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999) The Ninth Circuit has adopted a six-factor test for determining when an agency delay is unreasonable under the 5 U.S.C. § 706(1):

(1) the time agencies take to make decisions must be governed by a "rule of reason";

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (quoting *Telecomms. Research & Action v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (six factors referred to as the *"TRAC* factors")).

The first *TRAC* factor requires an agency to govern decision-making with a "rule of reason." Defendants argue that USCIS, in conjunction with the FBI, is acting in accordance with the "rule of reason" because the FBI is in the process of conducting several forms of security and background checks to ensure that plaintiffs are admissible and do not pose a threat to national security. (Dkt. #17 at 11). Defendants further indicate that the FBI generally conducts the checks on a "first-in, first-out" approach, and that plaintiffs' applications are being processed in accordance with this established procedure. (*Id*.)

The second *TRAC* factor requires deference to a statutory or regulatory timetable. Defendants argue that there is neither a statutory nor regulatory timetable in place for the FBI name check or USCIS's adjudication of an I-485 application. In the absence of such

MEMORANDUM ORDER
PAGE - 5

guidelines, defendants argue that the Court should consider the factors that contribute to the backlogs faced by the FBI and USCIS. Several courts facing the same issue have concluded that "[a]lthough Congress has not established a mandatory time frame for the USCIS to complete the adjudication, Congress sets a normative expectation in 'The Immigration Services and Infrastructure Improvements Act of 2000' of a reasonable processing time for an immigrant benefit application as no more than 180 days after initial application." *Konchitsky v. Chertoff*, 2007 WL 2070325, *4 (N.D. Cal. July 13, 2007) (citing 8 U.S.C. § 1571); *see also Abbasfar v. Chertoff*, 2007 2409538, *3 (N.D. Cal. Aug. 21, 2007) (holding that "8 U.S.C. § 1571 provides a meaningful standard for the pace of adjudication of adjustment of status applications"). This District Court has found that this authority is persuasive and this Court shall follow suit.

The third *TRAC* factor provides that delays are less tolerable when human health and welfare are at stake, as opposed to economic regulation. *See Singh*, 470 F. Supp. 2d at 1069 (finding human health and welfare to be at stake in cases involving the delay of I-485 applications to adjust status). Defendants suggest that this factor overlaps with the fifth *TRAC* factor which indicates that courts should take into account the nature and extent of the interests prejudiced by the delay. Defendants characterize the prejudice to plaintiffs as a mere inconvenience, and point out that plaintiffs can enjoy continuing lawful non-immigrant status, including applying for and receiving advance parole to enable them to travel abroad during the pendency of their applications. Defendants further emphasize that the governmental interest of national security, especially in the post-9/11 era, substantially outweighs the minimal prejudice suffered by plaintiffs.

The fourth *TRAC* factor requires the Court to consider the effect of expediting delayed action on agency activities of a higher or competing priority. Defendants warn this Court that compelling adjudication of plaintiffs' applications would result in negative repercussions. For example, defendants indicate that it would unfairly favor applicants with the means to file federal actions, and impinge upon agency activities and responsibilities of a higher priority.

1   The sixth *TRAC* factor notes that the Court need not find any impropriety on the
2   agency's part in order to hold that agency action is unreasonably delayed.  Defendants argue
3   that conversely, the good faith of an agency in addressing a delay weighs against mandamus.
4   Further, defendants argue that they have followed properly established procedures in
5   adjudicating plaintiffs' applications.

6   Overall, defendants have failed to put forth any facts specific to plaintiffs' name check.
7   "What constitutes an unreasonable delay in the context of immigration applications depends to
8   great extent on the facts of the particular case."  *Gelfer v. Chertoff*, 2007 WL 902382, *2
9   (N.D. Cal. Mar. 22, 2007) (citation omitted).  Courts within the Ninth Circuit in similar cases
10  have ruled against the Government where USCIS has simply pointed to the FBI's failure to
11  complete the name check, and where there was no reason why the application was particularly
12  troublesome.  *Id.* (holding that more than a two year delay was not reasonable as a matter of
13  law); *see also Konchitsky*, 2007 WL 2070325 at *6 ("without a particularized explanation for
14  the delay . . . the more than two year delay of plaintiff's application [is] unreasonable as a
15  matter of law"); *Mazcouchi v. Still*, 2007 WL 2070324, *5 (N.D. Cal. July 13, 2007) (finding
16  that a four year delay was unreasonable as a matter of law); *Liu v. Chertoff*, 2007 WL
17  2023548, *4 (E.D. Cal. July 11, 2007) (noting that two-and-a-half-year delay was not
18  reasonable as a matter of law in the absence of "a more particular explanation by Defendants
19  as to the cause of the delay," despite evidence of a large volume of applications received and
20  the extensive background checks required to process them); *Qui v. Chertoff*, 2007 WL
21  1831130, *3 (N.D. Cal. June 25, 2007) (finding that "asserting that [USCIS] is awaiting the
22  results of an FBI name check does not explain why [plaintiff's] application has been stagnant
23  for the past [three] years"); *Huang*, 2007 WL 1831105 at *2 (despite national security
24  concerns and increased security checks since 9/11, a more than two-and-a-half-year delay is
25  unreasonable as a matter of law if there is no particularized explanation as to the cause of the
26  delay).

27  One case out of the Northern District of California granted summary judgment in favor
28

MEMORANDUM ORDER
PAGE - 7

of plaintiff, and ordered USCIS to complete the adjudication of the I-485 application, where USCIS failed to provide specific reasons for the delay. *See Singh*, 470 F. Supp. 2d at 1065, 1072 (noting the lack of specifics about the "issues requiring further inquiry" in declarations submitted by the USCIS, and, alternatively, USCIS's failure to provide information via in camera review). In *Singh*, the Court stated that although "national security must be considered a competing priority of the highest order[,] . . . the mere invocation of national security is not enough to render an agency delay reasonable per se." *Id.* at 1069.[4]

Here, defendants have not offered particularized reasons or evidence to indicate why plaintiffs' applications remain pending more than 27 months after it was originally submitted to USCIS. Defendants only point to general policies and procedures within the FBI and USCIS to indicate that plaintiffs' applications will be adjudicated according to standard protocol. However, general references to the procedure by which USCIS works in conjunction with the FBI do nothing to reconcile the significant discrepancy *as applied* to plaintiffs' applications. Specifically, defendants cannot satisfactorily explain to the Court why Ms. Huang's application has remained at the FBI name check stage for nearly 27 months. Defendants do not offer evidence of any employee who has reviewed Ms. Huang's application in this stage, nor do they offer any dates of when her application has been reviewed since September 16, 2005. In addition, defendants even admit that the name check for Mr. Lui was completed on February 23, 2007, but do not provide specific reasons why Mr. Lui's application has not been completed, stating only that Mr. Lui's application will be completed when Mr. Huang's application will be completed. (Dkt. #17 at 4).

---

[4] It is noteworthy, however, that at the time summary judgment was granted in favor of Mr. Singh, his FBI name check had been expedited as a result of the litigation and had been cleared. Other distinguishable aspects of the *Singh* case are that: (1) Mr. Singh had waited seven years for adjudication; (2) USCIS was partially to blame for the delay because USCIS had taken two-and-a-half years to initiate the name check with the FBI; and (3) Mr. Singh's application to adjust status was based in part on a grant of asylum, which meant that the Government had an opportunity to raise national security concerns before an immigration law judge in the asylum proceedings. *See Singh*, 470 F. Supp. 2d at 1068-1070.

MEMORANDUM ORDER
PAGE - 8

Ultimately, defendants may not hide behind the guise of governmental deference or national security each time its policies or procedures are questioned without a specific and compelling justification otherwise. Therefore, the Court requires defendants to come forth with particularized information regarding plaintiffs' applications. In turn, the Court will defer on ruling plaintiffs' summary judgment motion and deny defendants' cross-motion for summary judgment.

### III.  CONCLUSION

Having reviewed plaintiffs' motion, defendants' cross-motion, the responses and replies to those motions, the exhibits and declarations attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion for Summary Judgment (Dkt. #16) is DEFERRED.

(2) Defendants' Cross-Motion for Summary Judgment (Dkt. #17) is DENIED.

(3) Defendants are ORDERED to provide the Court with particularized information that explains the more than two year delay as to plaintiffs Ying Huang and Yanning Liu's I-485 applications no later than April 11, 2008. Defendants shall submit this information either through declarations or in camera review. Any brief filed in connection with the new information shall not exceed six pages. No response to the supplemental briefing shall be filed by plaintiffs unless requested by the Court.

(4) The Clerk is directed to note defendants' supplemental memorandum on the Court's docket for consideration on April 11, 2008. Defendants are on notice that the Court may *sua sponte* grant summary judgment in favor of plaintiffs if defendants fail to provide the particularized information requested.

(5) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this  4   day of March, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE